UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE J.W. ROBERTS, JR.,

                Plaintiff,

v.

VILMA KHOUNPHIXAY, *et al.*,

                Defendants.

Case No. C19-014-TSZ-MLP

ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF UNDER FED. R. CIV. P. 56(F), FOR AN EXTENSION OF TIME, AND FOR APPOINTMENT OF COUNSEL

## I. INTRODUCTION

Plaintiff Joe Roberts is a state prisoner who is proceeding with this civil rights action *pro se* and *in forma pauperis*. This matter comes before the Court at the present time on Plaintiff's motion for relief under Fed. R. Civ. P. 56(f) (dkt. # 23), his motion for extension of time (dkt. # 24), and his two motions for appointment of counsel (dkt. ## 23, 27). Defendants have filed a response opposing Plaintiff's motion for extension of time and his first motion for appointment of counsel. Defendants have not responded to Plaintiff's request for relief under Fed. R. Civ. P. 56(f), nor to Plaintiff's second motion for appointment of counsel which was only recently filed. The Court addresses each of these motions below.

ORDER DENYING PLAINTIFF'S
PENDING MOTIONS - 1

## II. DISCUSSION

### A. Motion for Relief Under Fed. R. Civ. P. 56(f)

Plaintiff asserts in the instant motion that prison staff have interfered with his ability to litigate this action by withholding and/or destroying his e-files and other legal property. (Dkt. # 23.) He asks the Court to order that he be provided a copy of the entire docket and that the legal liaison at the Washington State Penitentiary be directed to give him copies of all of the e-files he claims were lost by the Department of Corrections ("DOC"). (*Id*. at 2.)

Though Plaintiff indicates he is seeking relief under Rule 56(f) of the Federal Rules of Civil Procedure, it is not clear how that provision relates to the relief requested by Plaintiff in his motion. Rule 56(f) provides that a court may grant summary judgment for a nonmoving party, grant a motion on legal or factual grounds not raised by the parties, or consider summary judgment on its own. Plaintiff does not appear to be asking the Court to enter judgment against Defendants, he is merely asking that he be provided copies of his lost legal documents. Rule 56(f) simply does not apply here. The Court will nonetheless address Plaintiff's concerns regarding his missing e-files as that is clearly a matter of great frustration to him. (*See* Dkt. ## 23, 24, 27.)

The documents at issue appear to be Plaintiff's complaint (dkt. # 9), mail returned to the Court as undeliverable when Plaintiff was temporarily transferred out of DOC custody to attend court (dkt. # 12), the notice of appearance of Defendants' counsel (dkt. # 13), and the waivers of service returned by each of the Defendants (dkt. ## 14-21). With respect to Plaintiff's complaint, the Court previously directed the Clerk to send Plaintiff a copy his pleading (*see* dkt. 10 at 5, n.

1), but it appears from the record that the Clerk overlooked that directive and failed to send the pleading. The Court will direct that a copy of the complaint be sent to Plaintiff with this Order.

With respect to the remaining documents, Plaintiff fails to show any compelling need for physical copies of these documents and it is difficult to discern how Plaintiff's lack of access to the documents might possibly have interfered with his ability to litigate this action. A copy of the Court docket should be sufficient to apprise Plaintiff of the nature of the documents he claims to be missing, and the Court will direct that a copy of the docket also be sent to Plaintiff with this Order. If Plaintiff believes he has a compelling need for a physical copy of any of the documents, he may submit another motion explaining what he believes he needs and why.

### B. Motion for Extension of Time

Plaintiff asks that he be granted a 45-day extension of time due to interference by prison staff with his legal materials. (Dkt. # 24.) It is not entirely clear from Plaintiff's papers what deadline he is referencing as, at the time Plaintiff filed his motion on April 19, 2019, there were no deadlines pending. While the Court intends to issue an Order establishing pretrial deadlines in conjunction with this Order, there are currently no deadlines to extend and Plaintiff's motion is therefore premature.

### C. Motions for Appointment of Counsel

Plaintiff makes a request for appointment of counsel in his motion for extension of time (*see* dkt. # 24 at 1, 4), and he also recently filed a separate motion for appointment of counsel setting forth in more detail why he believes appointment of counsel is appropriate in this case (dkt. # 27).

| | |
|---|---|
| 1 | Plaintiff is advised that there is no right to have counsel appointed in cases brought under |
| 2 | 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to |
| 3 | represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional |
| 4 | circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, |
| 5 | 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding |
| 6 | of exceptional circumstances requires an evaluation of both the likelihood of success on the |
| 7 | merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of |
| 8 | the legal issues involved. *Wilborn*, 789 F.2d at 1331. |
| 9 | Plaintiff's requests for counsel appear to be based to a significant degree on the alleged |
| 10 | interference by prison staff with his legal materials. It is difficult to discern from Plaintiff's |
| 11 | submissions whether his lack of access to his legal materials is the result of his transfers between |
| 12 | various facilities including one facility outside the DOC, of his placement on suicide watch |
| 13 | where he is not allowed access to his paperwork or, as he appears to suspect, of malfeasance by |
| 14 | prison staff. The Court is not persuaded that there has been any malfeasance by prison staff, nor |
| 15 | does it appear likely that Plaintiff's inability to access certain materials has actually interfered |
| 16 | with his ability to litigate this action which is still in its earliest stages. Thus, the alleged |
| 17 | interference by prison staff with Plaintiff's legal materials does not support his request for |
| 18 | appointment of counsel. |
| 19 | Plaintiff also argues in his motion that the issues he raises in this action are complex, and |
| 20 | he cites to the fact that he was appointed counsel in another pending action, *Roberts v.* |
| 21 | *Khounphixay, et al.*, C18-746-MJP, in which he raised similar issues. (Dkt. # 27 at 2.) Plaintiff |
| 22 | argues as well that he will face other complex issues such as cross-examining witnesses and |
| 23 | |

ORDER DENYING PLAINTIFF'S
PENDING MOTIONS - 4

obtaining discovery in the form of witness statements, privileged materials, video security surveillance and e-mails. (*Id*. at 3.) The fact that Plaintiff was appointed counsel in another action is not relevant to this Court's determination of whether appointment of counsel is appropriate in this action at this time.

To the extent Plaintiff cites potential difficulties in conducting discovery, he has not identified anything outside the typical challenges faced by prisoners litigating actions from within the confines of a correctional facility, challenges which do not, by themselves, constitute extraordinary circumstances. And, Plaintiff's concerns regarding the cross-examination of witnesses are premature as it is too early in the life of this action for the Court to assess whether the case is likely to proceed to trial. Plaintiff has some experience litigating in this Court and he has thus far demonstrated ample ability to articulate the legal and factual bases of his claims without the assistance of counsel. The complexities identified by Plaintiff do not, at this juncture, entitle him to appointment of counsel.

Finally, Plaintiff argues that his case has merit and he cites to the allegations in his verified complaint and to the exhibits attached to his complaint. While these documents were sufficient to demonstrate that this case should proceed beyond the pleading stage, they are not sufficient for the Court to draw any conclusions regarding Plaintiff's likelihood of success on the merits of his claims. Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel.

//

//

ORDER DENYING PLAINTIFF'S
PENDING MOTIONS - 5

### III. CONCLUSION

Based on the foregoing, Plaintiff's motions for relief under Fed. R. Civ. P. 56(f) (dkt. #23), for an extension of time (dkt. # 24), and for appointment of counsel (dkt. ## 23, 27) are DENIED. The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Thomas S. Zilly. The Clerk is further directed to send Plaintiff a copy of his complaint (dkt. # 9) and a copy of an updated docket sheet for this action.

DATED this 24th day of May, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
PENDING MOTIONS - 6