1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8    JOE J.W. ROBERTS, JR.,

9                              Plaintiff,          Case No. C19-014-TSZ-MLP

10          v.                                     ORDER DENYING PLAINTIFF'S THIRD
                                                   MOTION FOR APPOINTMENT OF
11   VILMA KHOUNPHIXAY, *et al.*,                  COUNSEL

12                              Defendants.

13

14          This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before

15   the Court at the present time on Plaintiff's third motion for appointment of counsel. (Dkt. # 32.)

16   Plaintiff asserts in his motion that employees at the Monroe Correctional Complex ("MCC")

17   have interfered with his ability to prosecute this action, and he references one or two pieces of

18   legal mail sent to him by the attorneys representing him in a separate civil rights action which he

19   claims were improperly withheld for a number of days. (*See id.*)

20          As Plaintiff was previously advised, there is no right to have counsel appointed in cases

21   brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request

22   counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in

23   ORDER DENYING PLAINTIFF'S
     THIRD MOTION FOR APPOINTMENT
     OF COUNSEL - 1

exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff makes a conclusory assertion that the mail issues he experienced in his other pending case, C18-746-MJP-BAT, are affecting this case because the two cases are related. (*See* Dkt. # 32 at 3.) However, the two cases are not being litigated together and the fact that MCC staff may have delayed delivery of mail directed to Plaintiff from his attorneys in his other case in no way speaks to Plaintiff's ability to litigate this action. As noted in this Court's Order denying Plaintiff's two prior requests for counsel, Plaintiff has demonstrated ample ability to articulate the legal and factual bases of his claims without the assistance of counsel. In addition, there is still insufficient information in the record for this Court to draw any conclusions regarding Plaintiff's likelihood of success on the merits of his claims. Accordingly, this Court concludes that Plaintiff has yet to demonstrate that his case involves exceptional circumstances warranting the appointment of counsel.

Based on the foregoing, this Court ORDERS as follows:

(1)     Plaintiff's third motion for appointment of counsel (dkt. # 32) is DENIED.

//

//

//

//

ORDER DENYING PLAINTIFF'S
THIRD MOTION FOR APPOINTMENT
OF COUNSEL - 2

(2)     The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Thomas S. Zilly.

Dated this 27th day of June, 2019.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
THIRD MOTION FOR APPOINTMENT
OF COUNSEL - 3