UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE J.W. ROBERTS, JR.,

       Plaintiff,

 v.

VILMA KHOUNPHIXAY, *et al*.,

       Defendants.

Case No. C19-014-TSZ-MLP

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION TO AMEND

## I.   INTRODUCTION

Plaintiff Joe Roberts is a state prisoner who is proceeding with this civil rights action *pro se* and *in forma pauperis*. This matter comes before the Court at the present time on Defendants' motion to strike Plaintiff's amended complaint and on Plaintiff's motion for leave to amend. (Dkt. ## 34, 42.) Plaintiff has filed a brief opposing Defendants' motion to strike (dkt. # 39), and Defendants have filed a brief opposing Plaintiff's motion to amend (dkt. # 43). The Court addresses each of these motions below.

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE AND DENYING
PLAINTIFF'S MOTION TO AMEND - 1

## II. DISCUSSION

### A. Defendants' Motion to Strike Amended Complaint

Defendants assert in the instant motion that Plaintiff's amended complaint, which was submitted to the Court for filing on June 11, 2019, should be stricken, and they identify two bases for their motion. (*See* Dkt. # 34.) First, Defendants argue that Plaintiff's amended complaint is procedurally deficient because Plaintiff failed to comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure and with Local Civil Rule ("LCR") 15. (*Id*. at 3.) Second, Defendants argue that even if the Court finds no procedural errors in Plaintiff's submission, the Court should not permit Plaintiff to amend because amendment would be futile. (*See id*. at 3-6.)

#### 1. Compliance with Fed. R. Civ. P. 15(a)(2) and LCR 15

Pursuant to Fed. R. Civ. P. 15(a)(1), a party is permitted to amend its pleading once as a matter of course within specified time periods. As relevant here, Plaintiff had 21 days from the date Defendants filed their answer to Plaintiff's original complaint, or until approximately May 21, 2019, to freely amend his pleading. *See* Fed. R. Civ. P. 15(a)(1)(B). Because Plaintiff did not submit his amended complaint to the Court for filing until June 11, 2019, he was required to obtain written consent from Defendants or seek the Court's permission to amend. *See* Fed. R. Civ. P. 15(a)(2). The record makes clear that Plaintiff did neither of these things. (*See* Dkt. # 35 (Decl. of Michelle Hansen) at ¶¶ 4, 5.)

Plaintiff also failed to comply with LCR 15 which requires that a party seeking to amend a pleading indicate on the amended pleading how it differs from the pleading it amends. Plaintiff states in a preface to his amended complaint that his intention is to add two Defendants to this action, Monroe Correctional Complex ("MCC") Grievance Coordinator Pete Maxson, and MCC

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE AND DENYING
PLAINTIFF'S MOTION TO AMEND - 2

Associate Superintendent Lisa Anderson and he identifies in a general sense the changes contained within his amended complaint. (*See* Dkt. 33 at 1.) However, this general overview is insufficient to comply with the requirements of LCR 15.

Because the record makes clear that Plaintiff failed to comply with the requirements of Fed. R. Civ. P. 15(a) and LCR 15 in filing his amended complaint, the pleading is not properly before the Court.

2.   *Futility of Amendment*

The Court deems it appropriate, despite the procedural deficiencies discussed above, to briefly address Defendants' substantive argument pertaining to the proposed amended complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Defendants argue that it would be futile for Plaintiff to pursue claims against Associate Superintendent Anderson and Grievance Coordinator Maxson. An amendment to a complaint is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex. Rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), overruled on other ground by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In order to sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE AND DENYING
PLAINTIFF'S MOTION TO AMEND - 3

that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

Defendants correctly note, with respect to Associate Superintendent Anderson, that Plaintiff by and large simply adds Ms. Anderson to existing allegations asserted against other Defendants. He alleges no specific facts demonstrating that Ms. Anderson personally participated in causing him any harm of federal constitutional dimension. With respect to Grievance Coordinator Maxson, Plaintiff appears to complain about the manner in which Mr. Maxson processed, or failed to process, Plaintiff's grievances through the Washington Department of Corrections' Offender Grievance Program. The Ninth Circuit has made clear that a prisoner plaintiff does not have a constitutional right to a grievance process, and therefore any claim alleging deficiencies in the grievance process fails to state a claim for relief under § 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (finding a prisoner did not have a claim for a loss of liberty regarding the processing of his grievances because inmates lack a separate constitutional entitlement to a specific grievance procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (a prisoner does not have a claim for entitlement to a grievance procedure). The Court concurs with Defendants that Plaintiff's proposed amendments would be

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE AND DENYING
PLAINTIFF'S MOTION TO AMEND - 4

futile as Plaintiff fails to identify in his amended complaint any viable claim for relief against either Ms. Anderson or Mr. Maxson.

### B. Plaintiff's Motion for Leave to Amend

On August 22, 2019, shortly after briefing on Defendant's motion to strike was completed, Plaintiff filed a motion to amend his complaint. (Dkt. # 42.) Plaintiff indicates in his motion to amend that he wishes to add to this action claims under the Americans with Disabilities and Rehabilitation Acts, and to add claims alleging a failure to protect and a failure to provide medical care. (*See id*. at 1.) Plaintiff also indicates a desire to add MCC Associate Superintendent Lisa Anderson, MCC Grievance Coordinator Pete Maxson, and John Does 1-10 as defendants to this action. (*See id*.) Plaintiff did not submit with his motion to amend a proposed amended complaint as is required by LCR 15.

While it may be the case that the instant motion constitutes an attempt by Plaintiff to correct the procedural deficiencies noted above with respect to the amended complaint he submitted on June 11, 2019, that proposed pleading does not appear to include the claims Plaintiff seeks to add at this juncture. Without a proposed amended pleading which clearly sets forth all intended claims against all named Defendants, the motion is deficient and therefore not properly before the Court.

//

//

//

//

//

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE AND DENYING
PLAINTIFF'S MOTION TO AMEND - 5

### III. CONCLUSION

Based on the foregoing, Defendants' motion to strike Plaintiff's amended complaint (Dkt. # 34) is GRANTED, and Plaintiff's motion for leave to amend (Dkt. # 42) is DENIED. The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Thomas S. Zilly.

DATED this 10th day of September, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE AND DENYING
PLAINTIFF'S MOTION TO AMEND - 6