UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOE J.W. ROBERTS, JR.,

               Plaintiff,

v.

VILMA KHOUNPHIXAY, *et al.*,

               Defendants.

Case No. C19-014-TSZ-MLP

ORDER RE: PLAINTIFF'S PENDING MOTIONS

## I. INTRODUCTION

Plaintiff Joe Roberts is a state prisoner who is proceeding with this civil rights action *pro se* and *in forma pauperis*. This matter comes before the Court at the present time on Plaintiff's motions for leave to amend his complaint (dkt. # 65), for a stay of summary judgment and continuance of discovery (dkt. # 66), for an extension of time to file a response to Defendants' summary judgment motion and leave to file an over-length brief (dkt. # 62), and for a mistrial (dkt. # 63). Defendants have filed responses to each of Plaintiff's motions. Defendants take no position on Plaintiff's request for an extension of time to file his response to their summary judgment motion or his request to file an over-length brief. (Dkt. # 71.) Defendants do, however,

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 1

oppose Plaintiff's motions for leave to amend, for a stay of summary judgment and continuance of discovery, and for a mistrial. (Dkt. ## 72, 73, 74.) The Court addresses each of Plaintiff's motions below.

## II. DISCUSSION

### A. Motion for Leave to Amend

Plaintiff seeks leave to amend his complaint to add new claims and new Defendants to this action. (Dkt. # 65.) Plaintiff's current motion to amend was filed less than a month after a similar attempt by Plaintiff to amend his complaint was denied. (*See id*. and Dkt. # 45.) Plaintiff indicates in his motion that he wishes to add to this action claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), and claims alleging failure to protect, failure to provide medical care, and deprivation of personal hygiene and sanitation. (*See* Dkt. # 65 at 1.) Plaintiff also indicates a desire to add the following Defendants to this action: the Washington Department of Corrections ("DOC"); Lisa Anderson, Associate Superintendent at the Monroe Correctional Complex ("MCC"); Tim Thrasher, DOC Housing Administrator; and, John Does 1-19. (*See id*.) Defendants argue that Plaintiff's current motion to amend should be denied because it mirrors his prior motion which was denied. (*See* Dkt. # 74.)

#### 1. Applicable Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The dispositive issue here is the futility of Plaintiff's proposed amendments. An amendment to a

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 2

complaint is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex. Rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

2. *Proposed New Claims*

Plaintiff seeks to add to this action claims under the ADA, 42 U.S.C. § 12132, and the RA, 29 U.S.C. § 794. Title II of the ADA provides in pertinent part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The RA provides in pertinent part that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

In order to establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with respect to a public entity's provision of a service, program, or activity; and, (3) such exclusion or discrimination was by reason of his disability. *See*, *e.g.*, *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). In order to establish a violation of the RA, a plaintiff must show that (1) he is handicapped within the meaning of the RA; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of his handicap; and (4) the program providing the benefit or services receives federal financial assistance. *See id*.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 3

The primary claim asserted in this action is that Defendants violated Plaintiff's rights under the Eighth Amendment when they were deliberately indifferent to his medical and mental health needs in relation to his reports that he was suicidal. The treatment or lack of treatment for Plaintiff's medical and mental health issues does not provide a basis upon which to impose liability under the ADA and the RA. The Ninth Circuit has made clear that the ADA and the RA prohibit discrimination because of a disability, not because of inadequate treatment for a disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *O'Guinn v. Nevada Dept. of Corrections*, 468 Fed. Appx. 651, 653 (9th Cir. 2012). Plaintiff's proposed ADA and RA claims are not viable in this action and it would therefore serve no purpose to allow Plaintiff to amend his complaint to add such claims.

Plaintiff also seeks to add to this action purportedly new claims arising under the Eighth Amendment. Specifically, Plaintiff indicates that he is seeking to add claims for failure to protect, failure to provide medical care, and deprivation of hygiene and sanitation. These claims are virtually indistinguishable from the Eighth Amendment claims asserted by Plaintiff in his original complaint. It would serve no purpose at this juncture to permit Plaintiff to amend his complaint to simply separate out in a more specific fashion the various components of his over-arching Eighth Amendment claim.

### 3. Proposed New Defendants

Plaintiff also seeks to amend his complaint to add a total of twenty-two new Defendants to this action, including nineteen John Doe Defendants, MCC Associate Superintendent Lisa Anderson, DOC Housing Administrator Tim Thrasher, and the DOC. As Plaintiff was previously advised, in order to sustain a civil rights action under § 1983, a plaintiff must show (1) that he

suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

With respect to the proposed new individual Defendants identified in Plaintiff's amended complaint, Plaintiff has not alleged sufficient facts to demonstrate that any of them personally participated in causing him harm of federal constitutional dimension. It would therefore be futile to permit Plaintiff to add those Defendants to this action. With respect to the DOC, the only claims asserted against this proposed Defendant are Plaintiff's ADA and RA claims. As the Court explained above, those claims are not viable in this action and it would therefore serve no purpose to add the DOC as a Defendant. For the foregoing reasons, Plaintiff's motion for leave to amend his complaint (dkt. # 65) is DENIED.

### B. Motion for Stay of Summary Judgment and Continuance of Discovery

Plaintiff seeks an order staying summary judgment and continuing discovery because he claims he was unable to effectively conduct discovery and meet the August 26, 2019 discovery deadline. (Dkt. # 66.) According to Plaintiff, he was suffering from health problems which caused him to be in and out of the infirmary from March 1, 2019 to August 20, 2019 where he

did not have access to his legal materials. (*Id*. at 1.) Plaintiff also claims that he was transferred multiple times which caused him to be separated from his legal materials. (Dkt. # 76.)

Defendants oppose Plaintiff's motion to stay summary judgment and continue discovery, arguing that Plaintiff has not identified any hardship or inequity he would suffer if required to respond to Defendants' summary judgment motion without conducting further discovery. (Dkt. # 73.) Defendants maintain that Plaintiff's claim that he was unable to effectively conduct discovery between March and August 2019 because of health issues and lack of legal materials is not supported by the facts. (*Id*. at 2.) Defendants suggest as well that Plaintiff has had access to the records necessary to respond to their summary judgment motion and they assert that they will suffer possible damage to their professional reputations and medical practices if Plaintiff is able to forestall his multiple lawsuits. (*Id*. at 2-3.) Finally, Defendants argue that a lack of access to legal materials is not a basis for granting Plaintiff's motion. (*Id*. at 3.)

The record appears to confirm that Plaintiff has been transferred multiple times during the pendency of this action. It is to be expected that Plaintiff would have been separated from his legal materials for some period of time in the midst of these various transfers though it is somewhat difficult to discern exactly how long Plaintiff may actually have been without his legal materials because his claims in that regard vary somewhat. While the Court understands Defendants' objections to allowing Plaintiff to delay resolution of this matter, it appears that there were likely impediments to Plaintiff's ability to timely conduct discovery in this matter which were beyond his control. Thus, out of an abundance of caution, the Court will permit Plaintiff some additional time to conduct discovery, though any such discovery will be strictly limited to that necessary for Plaintiff to respond to Defendants' pending summary judgment motion.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 6

Accordingly, Plaintiff's motion for a stay of summary judgment and a continuance of discovery (dkt. # 66) is GRANTED. The discovery deadline is continued to **Friday, January 31, 2020**. Defendants' motion for summary judgment (dkt. # 48) is RE-NOTED on the Court's calendar for consideration on **Friday, February 28, 2020**. Thus, Plaintiff's response to Defendants' summary judgment motion is due not later than **Monday, February 24, 2020**. Plaintiff is advised that this is the only continuance he will be granted so he should plan his litigation strategy carefully to allow him to meet these new deadlines.

### C. Motion for Extension of Time and Leave to File Over-Length Brief

Plaintiff, by way of the instant motion, seeks a thirty-day extension of the deadline to file his response to Defendants' motion for summary judgment as well as leave to file a responsive brief in excess of twenty-four pages. Plaintiff's request for an extension of time to file a responsive brief is MOOT in light of the above ruling on Plaintiff's motion to stay summary judgment and continue discovery. To the extent Plaintiff seeks leave to file an over-length brief, his request is DENIED. Defendants' motion for summary judgment is only nineteen pages in length. The Court sees no reason why Plaintiff should not be able to present a reasonable response to that motion in the twenty-four pages permitted under court rules. *See* Local Civil Rule ("LCR") 7(e)(3). Plaintiff is reminded that the twenty-four page limitation applies only to his brief in opposition to Defendants' motion and not to any exhibits he may wish to submit in support of his brief.

### D. Motion for Mistrial

Plaintiff asserts in his motion for mistrial that he has been treated unfairly in this case and he complains that he has "not had a fair opportunity to seek justice and bring my case." (Dkt. # 63 at 1.) Plaintiff cites in particular to the Court's denials of his attempts to amend his complaint

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 7

and to DOC interference in his attempts to litigate this action. (*See id*. at 1-2.) Plaintiff asks to "restart the entire proceedings." (*Id*. at 2.) Plaintiff's request for a mistrial is misplaced because there has been no trial in this matter and, thus, there is no basis for granting the requested mistrial.

In addition to this very basic fact, the Court takes issue with Plaintiff's characterization that he has been treated unfairly in these proceedings. It is true that Plaintiff's attempts to amend his complaint have been rejected by the Court, but this is solely because Plaintiff's proposed amended complaints have not adequately stated any viable new causes of action. While Plaintiff may feel this is unfair, it is the law. Plaintiff also complains that the DOC has interfered with his ability to litigate this action. While the record confirms that Plaintiff has been transferred between facilities a number of times during the pendency of this action, and while it is not unexpected that Plaintiff may not have access to his legal materials for periods of time as a result of such transfers, nothing in the record suggests that the DOC or, more specifically, the Defendants in this action, have done anything to actively or intentionally interfere with Plaintiff's ability to litigate this action. Plaintiff's motion for a mistrial (dkt. # 63) is frivolous and is therefore DENIED.

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to amend his complaint (dkt. # 65) is DENIED, Plaintiff's motion for a stay summary judgment and continuance of discovery (dkt. # 66) is GRANTED in part, Defendants' motion for summary judgment (dkt. # 48) is RE-NOTED for consideration on February 28, 2020, Plaintiff's motion for an extension of time to respond to Defendants' summary judgment motion and leave to file an over-length brief (dkt. # 62) is DENIED, and Plaintiff's motion for a mistrial (dkt. # 63) is DENIED. The Clerk is directed to

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 8

send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Thomas S. Zilly.

DATED this 18th day of November, 2019.

*MJPeterson*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 9