UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE J.W. ROBERTS, JR., <br><br> Plaintiff, <br><br> v. <br><br> VILMA KHOUNPHIXAY, *et al*., <br><br> Defendants. | Case No. C19-014-MJP-MLP <br><br> ORDER ON PLAINTIFF'S MOTIONS TO APPOINT COUNSEL, COMPEL DISCOVERY, AND STRIKE PLEADING |

## I.   INTRODUCTION

Plaintiff Joe Roberts is a state prisoner who is proceeding with this civil rights action *pro se* and *in forma pauperis*. Currently before the Court is Defendants' motion for summary judgment, filed September 26, 2019 (dkt. # 48), and originally noted for October 18, 2019. On November 18, 2019, the Court granted Mr. Roberts' motion to extend the time to respond to the motion for summary judgement and to continue the discovery deadline based on Mr. Roberts' claims that he had been moved multiple times and was unable to access his legal materials (*see* dkt. # 76). (Order (Dkt. # 77) at 6). The Court granted Mr. Roberts a discovery continuance until January 31, 2020 and re-noted Defendants' motion for summary judgment for February 28,

ORDER ON PLAINTIFF'S
MOTIONS - 1

2020. (Order at 7.) Between November 18, 2019 and February 28, 2020, instead of responding to Defendants' motion, Mr. Roberts filed four motions relating to his access to his legal materials and requesting that the court appoint counsel. (*See* Dkt. ## 79, 80, 87, 92.) Mr. Roberts also recently filed an unopposed motion to strike a declaration filed by a fellow inmate that accuses Mr. Roberts of falsifying information filed with the Court and threatening two of the Defendants in this case. (Dkt. # 96.) The Court addresses each of Mr. Roberts' motions below. The Court will address Defendants' motion for summary judgment by separate order.

Mr. Roberts' motions before this Court essentially ask the Court to (1) appoint counsel (dkt. ## 79, 80, 92); (2) compel Defendants to answer discovery and provide pen, paper, and access to the law library (dkt. ## 79, 80, 87); and (3) strike a declaration filed by one of Mr. Roberts' witnesses (dkt. # 96). The Court has reviewed the motions, Defendants' responses to the motions to appoint counsel (dkt. ## 81, 85, 98), Defendants' response to the motion to compel (dkt. # 93), and Mr. Roberts' replies and objections thereto (dkt. ## 84, 90, 92, 97). For the reasons state below, the Court DENIES Mr. Roberts' fourth, fifth, and sixth motions for appointment of counsel (dkt. ## 79, 80, 92); DENIES Mr. Roberts' motions to compel (dkt. ## 79, 80, 87); and GRANTS Mr. Roberts' motion to strike the declaration filed by one of his witnesses (dkt. # 96) and ORDERS that the Declaration of Michael Denton (dkt. # 91) be stricken from the record.

## II.    DISCUSSION

### A. Motions to Appoint Counsel

Mr. Roberts moves for the fourth, fifth, and sixth time for the appointment of counsel in this matter. (Dkt. ## 79, 80, 92). Mr. Roberts has previously been advised by this Court that there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the

ORDER ON PLAINTIFF'S
MOTIONS - 2

Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff's fourth, fifth, and sixth requests for counsel are the same as his first three motions to appoint counsel and are based on his mental health issues and the interference by prison staff with his legal materials. (*See e.g.* Dkt. ## 27, 29, 32, 36, 77.) For the same reasons that the Court denied the prior three requests for appointment of counsel, the Court denies the three new requests for appointment of counsel.

**B. Motion to Compel Answers to Discovery, Pen, Paper, and Access to Law Library**

Mr. Roberts vaguely claims that the Defendants have not responded to his discovery requests.[1] (Dkt. # 87 at 1 (claiming Defendants refuse to give him "medical records, videos and a whole bunch of other stuff").). Mr. Roberts has not identified any particular discovery request that he deems was unanswered or deficient nor does he identify what additional information he seeks from Defendants other than "medical records, videos and a whole bunch of other stuff." Without more, the Court is unable to determine whether Defendants have failed to produce

---

[1] As an alternative basis for denying Mr. Roberts' motion, the Court notes that Mr. Roberts also failed to meet and confer prior to bringing this discovery motion as required by Fed. R. Civ. P. 37(a)(1) and LCR 37.

ORDER ON PLAINTIFF'S
MOTIONS - 3

documents or answered interrogatories propounded by Mr. Roberts and the motion to compel discovery is therefore denied.

Mr. Roberts next claims that he has been denied access to pen and paper and this is why he has been unable to meet his deadlines and why he needs the appointment of counsel. (Dkt. ## 80, 84.) The only deadline Mr. Roberts missed, however, is that for filing a response to Defendants' motion for summary judgment which was February 24, 2020. The Court finds Mr. Roberts' claims regarding access to pen and paper unavailing. As reflected on the Court's docket, Mr. Roberts filed numerous pleadings between the time Defendants' motion for summary judgment was filed and the instant motion to compel pen and paper was filed: dkt. ## 62 (motion for extension of time); 63 (motion for mistrial); 64 (motion for stay); 65 (motion to amend); 66 (corrected motion to stay); 76 (reply in support of motion to stay); 79 (letter motion to appoint counsel); 80 (motion to appoint counsel); and 84, 90 (replies to motion to appoint counsel). According to Defendants, Mr. Roberts' access to a stiff pen were restricted in the past due to safety concerns and his suicidal ideations, but he was still provided with a flex pen and paper. (Meyer Decl. (Dkt. # 82) at ¶¶ 5-8; Window Decl. (Dkt. # 99) at ¶¶ 6-7; Brannock Decl. (Dkt. # 94) ¶ 6.) Accordingly, the Court finds that Mr. Roberts has been afforded adequate access to a pen and paper as evidenced by the declarations submitted by Defendants and the multiple filings before and after his motion to compel pen and paper was filed.

Mr. Roberts claims that he is unable to access the law library and that his legal materials are being withheld. It appears that Mr. Roberts' complaints center around five compact discs of material that were provided to him by his *pro bono* counsel in a related matter. According to Defendants, Mr. Roberts was given access to the five compact discs, but he was not permitted by DOC policy to keep the discs in his possession. (Resp. (Dkt. # 85) at 2-3.) Mr. Roberts does not

ORDER ON PLAINTIFF'S
MOTIONS - 4

explain why the five compact discs provided by his attorneys in another case are relevant to this one or why he needs physical possession of the compact discs. Regardless, this Court will not weigh in on whether Mr. Roberts should have more access to five compact discs from another case pending in this jurisdiction.

With respect to access to the law library, it appears that Mr. Roberts' concern is that he is not able to print his medical records unless he pays the printing fee required by the library. (Mot. (Dkt. # 90) at 2; Mot. (Dkt. # 92) at 3.) Mr. Roberts' position is that he should not have to pay for copies of his medical records because they are necessary for him to prosecute his legal claims and he is proceeding in forma pauperis ("IFP"). The Court does not agree that Mr. Roberts' IFP status relieves him of the burden of paying for his litigation costs. *See, e.g., United States v. MacCollom*, 426 U.S. 317, 321 (1976) ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . "). The printing of medical records to use in litigation is not an expenditure of public funds authorized by Congress. *See* 28 U.S.C. § 1915 (allowing the payment of filing fees and service of process fees).

Moreover, Mr. Roberts' right to access the courts does not encompass the right to have his litigation costs covered by prison officials. Courts differentiate two types of access claims: those involving the right to affirmative assistance and those involving an inmate's right to litigate without active interference. *Silva v. DiVittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds*, *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. The right to affirmative assistance is limited to direct criminal appeals, habeas petitions, and civil rights actions. *See Lewis v. Casey*, 518 U.S. 343, 354-55

ORDER ON PLAINTIFF'S
MOTIONS - 5

(1996) (the state is not required to enable the prisoner to discover grievances or to litigate effectively once in court).

For Mr. Roberts to prove an unconstitutional denial of access to courts, he must show some actual injury resulting from such a denial of access. *Lewis,* 518 U.S. at 349. To establish actual injury, a plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (internal quotation marks omitted). Mr. Roberts only claims that copies of his medical records are necessary for his defense without providing any information as to why the records are necessary. Moreover, Mr. Roberts admits that he has access to his medical records and can review them upon his request (dkt. # 90 at 2). Accordingly, the Court does not find that Mr. Roberts can establish an actual injury from the denial of free copies of his medical records.

Mr. Roberts also asserts that he is being denied access to the law library while he is housed in the Close Observation Unit ("COU") due to his suicidal ideations. (Dkt. # 90 at 2.) However, Defendants submitted a declaration explaining that when Mr. Roberts is housed in the COA, Mr. Roberts can kite the prison law librarian, identify what case materials he wants to review, and the law librarian will forward the materials to him through the prison's internal mail system. (Meyer Decl. at ¶ 9; Kolowinski Decl. (Dkt. # 83) at ¶ 7.) Mr. Roberts can review these materials in his COA cell. (*Id.*) He can also review the materials in an interview room in the same building. (*Id.*) An incarcerated person does not have a free-standing right to a law library, and it is prison or jail officials -- not the prisoner -- who choose the manner in which the state fulfills its obligation to provide access to courts. *Storseth v. Spellman*, 654 F.2d 1349 (9th Cir. 1981). The Court does not find that Mr. Roberts' access to the law library was unconstitutionally infringed upon by the Defendants.

ORDER ON PLAINTIFF'S
MOTIONS - 6

**C. Motion to Strike**

Mr. Roberts filed a declaration from a fellow inmate, Michael Denton, in support of his motion to compel (dkt. # 89). A week later, Mr. Denton filed a second declaration that accused Mr. Roberts of making threats against two of the Defendants in this case and admitting to filing false pleadings with the Court (dkt. # 91). Mr. Roberts now moves to strike the declaration[2] and Defendants do not oppose the motion. The Court agrees that the unsolicited declaration should be stricken from the Court's docket.

### III.   CONCLUSION

Based on the foregoing, the Court DENIES Mr. Roberts' fourth, fifth and sixth motions for appointment of counsel (dkt. ## 79, 80, 92); DENIES Mr. Roberts' motions to compel (dkt. ## 79, 80, 87); and GRANTS Mr. Roberts' motion to strike the declaration filed by one of his witnesses (dkt. # 96) and ORDERS that the Declaration of Michael Denton (dkt. # 91) be stricken from the record. The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Marsha J. Pechman.

DATED this 17th day of April 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[2] In his motion, Mr. Roberts incorrectly identified the declaration as dkt. # 90 instead of dkt. # 91.

ORDER ON PLAINTIFF'S
MOTIONS - 7